UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

|   |   |   |
|---|---|---|
| SHERRY HOLLIFIELD, on behalf of herself and all others similarly situated, | ) ) ) ) | 19-cv-695 |
| Plaintiff, | ) ) | CLASS ACTION |
| v. | ) ) | JURY TRIAL DEMANDED |
| UNIFUND CCR, LLC and SESSOMS & ROGERS, P.A., | ) ) ) ) ) | |
| Defendants. | ) ) | |

COMPLAINT FOR INJUNCTIVE RELIEF TO PREVENT
UNFAIR DEBT COLLECTION PRACTICES, AND FOR MONEY DAMAGES
FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff SHERRY HOLLIFIELD ("Ms. Hollifield"), complaining of Defendants UNIFUND CCR, LLC ("Unifund") and SESSOMS & ROGERS, P.A. ("S&R"), shows the Court:

1. Ms. Hollifield brings this action for declaratory and injunctive relief as well as actual and statutory damages, on behalf of herself and classes of North Carolina consumers who find themselves in similar situations, against Defendants for deceptive debt collection practices that violated Federal law, and for threatened future unfair debt collection practices that would violate North Carolina law.

II. Parties

1

2. Plaintiff Sherry Hollifield is a natural person who has resided in Thomasville, North Carolina at all times relevant to the events described in this Complaint.

3. Ms. Hollifield is a "consumer" as that term is defined by 15 U.S.C. §1692a(3), which is part of the Fair Debt Collection Practices Act ("FDCPA"). She is also a "consumer" as that term is defined by N.C. Gen. Stat. § 58-70-90(2), which is part of the North Carolina Collection Agency Act ("NCCAA").

4. Defendant Unifund CCR, LLC ("Unifund") is a limited liability company organized and existing under the laws of the State of Ohio. Its principal place of business is located at 10625 Techwoods Circle, Cincinnati, OH 45242.

5. Unifund is engaged in the business of purchasing delinquent or charged-off consumer credit accounts. Unifund is therefore both a "debt buyer" and a "collection agency" as those terms are defined by N.C. Gen. Stat. § 58-70-15(b).

6. Unifund has applied for and been granted a license to operate as a collection agency by the North Carolina Department of Insurance, and has been issued the permit number 107952.

7. The principal purpose of Unifund's business — i.e., the way that Unifund makes money — is by collecting the delinquent or charged-off debts it purchases. In the course of this business, it uses instrumentalities of interstate commerce or the mails to accomplish several different tasks, among them: Communicating with investors to raise capital that Unifund uses to purchase debts; communicating with national banks and other lenders to negotiate purchases of

debts; and communicating with attorneys across the United States (including in North Carolina) that file lawsuits against consumers to collect upon the debts that it purchases.

8. Moreover, Unifund regularly collects or attempts to collect debts owed or due or asserted to be owed or due another. Put another way, while Unifund is in the business of collecting debts from consumers, it never loans money to consumers; rather, all of the debts which Unifund collects or attempts to collect are asserted to be owed or due to the national bank, lender, or other entity from whom Unifund purchased the debt.

9. For the foregoing reasons, Unifund is a "debt collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. Defendant Sessoms & Rogers, P.A. ("S&R") is a professional association and a law firm, organized and existing under the laws of the State of North Carolina. Its principal place of business is located at 1822 East Highway 54, Suite 200, Durham, NC 27709.

11. S&R's website lists one of its practice areas as "Debt Collection." Its website further states, "Our firm has a historic concentration focused on creditor rights and debt collection."

12. Acting on behalf of Unifund, other debt buyers, and various banks and financial institutions, S&R has filed thousands of lawsuits against North Carolina consumers to collect consumer debts. S&R also regularly sends debt-collection letters to North Carolina consumers on behalf of Unifund and its other clients.

13. For the foregoing reasons, S&R is a "debt collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

### III. Jurisdiction & Venue

14. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

15. This Court has supplemental jurisdiction over Plaintiff's North Carolina state law claims under 28 U.S.C. § 1367, in that her state law claims are so related to her FDCPA claims that they form part of the same case or controversy.

16. Venue is proper in this district under 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred within this district, specifically: All of the letters containing the false threats and misrepresentations described below were sent to and received by Plaintiff at her home in this district.

### IV. Factual Allegations

17. Sometime before 2015, Plaintiff applied for and obtained a credit card account ("the Account") that was issued by Citibank, N.A.

18. Plaintiff used the Account exclusively for personal, family, and/or household purposes.

19. Sometime around the middle of 2015, Ms. Hollifield became unable to make the minimum payments on the Account.

20. Citibank charged-off and sold Ms. Hollifield's account sometime in 2016.

21. Sometime in July 2018, S&R sent Ms. Hollifield the letter that is attached to this Complaint as **Exhibit A**, which was styled as a "Notice of Intent to File Legal Action in Davidson County District Court."

22. The body of the Notice of Intent says, "Before it brings suit against you to collect on this debt, North Carolina law requires the debt buyer, Unifund CCR LLC, to give you written notice of its intent to file a legal action at least 30 days in advance of filing."

23. The Notice of Intent is printed on letterhead, the left side of which contains the words "Sessoms & Rogers, P.A., Attorneys at Law" The right side of the letterhead includes the words, "A North Carolina Law Firm."

24. It is not clear who signed the Notice of Intent, but the signature block indicates that it was signed by someone with the title, "Attorney at Law."

25. Near the bottom of the letter, there is a line of small print that reads, "DD000229v1.3."

26. Attached to the Notice of Intent is a document that resembles a periodic credit card statement, but which is dated March 15, 2016 — which would have been around the time that Citibank, N.A. charged off the Account ("the Charge-Off Statement").

27. The Charge-Off Statement indicates a "new balance" of $4,108.70, a monthly interest charge of $67.83. The Charge-Off Statement also indicates, in a box captioned, "2016 totals year-to-date," "total fees charged in 2016" of $70, and

5

"total interest charged in 2016" of $206.23. Finally, the Charge-Off Statement includes a "previous balance" of $4,040.87."

28. N.C. Gen. Stat. § 58-70-115 lists several "unfair practices" that collection agencies are not legally permitted to undertake in North Carolina.

29. Section 58-70-115(6) prohibits the following unfair practice:

> When the collection agency is a debt buyer or acting on behalf of a debt buyer, bringing suit or initiating an arbitration proceeding against the debtor to collect on a debt without first giving the debtor written notice of the intent to file a legal action at least 30 days in advance of filing. The written notice shall include the name, address, and telephone number of the debt buyer, the name of the original creditor and the debtor's original account number, a copy of the contract or other document evidencing the consumer debt, and an itemized accounting of all amounts claimed to be owed.

30. The Notice of Intent that S&R sent to Ms. Hollifield does include the name, address, and telephone number of Unifund. The Notice of Intent also includes the name of the original creditor and an account number for the account.

31. The Notice of Intent, however, does *not* include an "itemized accounting" of the $4,108.70 claimed to be owed.

32. The are only two parts of the Notice of Intent that touch upon the calculation of the $4,108.70 claimed to be owed. The first is the enclosed Charge-Off Statement. But the Charge-Off Statement contains only one item: a single monthly interest charge of $67.83. The rest of the $4,108.70 claimed to be owed is lumped into the unexplained, nonitemized, unaccounted-for previous balance of $4,040.87.

6

33. The second part of the Notice of Intent that touches upon the calculation of the amount owed is a small table in the body of the letter listing the "Charge-off balance" of $4,182.57, "Credits given after the account was charged off" of $73.87, and "Remaining balance after the credits were applied" of $4,108.70.

34. Black's Law Dictionary, 3rd Ed. ("Black's"), defines *accounting* as

> The act or a system of establishing or settling financial accounts; esp. the process of recording transactions in the financial records of a business and periodically extracting, sorting, and summarizing the recorded transactions to produce a set of financial records. . . . A rendition of an account . . . . The term frequently refers to the report of all items of property, income, and expenses prepared by a personal representative, trustee, or guardian and given to heirs, beneficiaries, or the probate court. . . .

35. Black's defines *itemize* as, "To list in detail; to state by items <an itemized bill>."

36. The Charge-Off Statement is not an itemized accounting of the $4,108.70 claimed to be owed; at best, it is an itemized accounting of the $67.83 added to the amount due in the final month before the Account was charged off; in other words, less than 2% of the total amount of the alleged debt is itemized.

37. Similarly, the brief table in the body of the letter is not an itemized accounting of the $4,108.70 claimed to be owed, because it does not explain how the charge-off balance of $4,182.57 was calculated.

38. Unifund is required to send a Notice of Intent that complies with N.C. Gen. Stat. § 58-70-115(6) before it may file a lawsuit against Ms. Hollifield. While there is nothing in § 58-70-115(6) that prevents Unifund from assigning this task to

7

its attorney, Unifund is ultimately responsible for making sure Ms. Hollifield and those in similar situations receive the Notice of Intent that includes all the information required by § 58-70-115(6). Thus, Unifund is liable for any omissions and errors in the Notices of Intent sent on its behalf by S&R.

39. It is an unfair practice — and, thus, illegal — for a debt buyer to file a complaint initiating a debt collection lawsuit before sending a Notice of Intent that complies with § 58-70-115(6). Yet that is exactly what S&R has threatened to do here.

40. Based on the foregoing, it does not appear that, before it sent the Notice of Intent, S&R or any of its attorneys conducted any inquiry into whether its client possessed the information or documentation legally required to be included in the Notice of Intent.

41. The Notice of Intent sent to Ms. Hollifield deprived her of the right, created by the North Carolina General Assembly, to receive an itemized accounting of the alleged debt before any collections lawsuit was filed against her. It follows that the letter falsely purporting to be a "Notice of Intent" subjected Ms. Hollifield to the risk of a harm that the North Carolina General Assembly enacted § 58-70-115(6) to prevent — specifically, the risk that she would be subjected to, and possibly lose, a collections lawsuit based on an amount due that is unreliable and unverifiable.

42. Moreover, when Ms. Hollifield read the Notice of Intent, she became worried and distressed over the prospect of defending a debt collection lawsuit.

43. On information and belief, S&R regularly represents Unifund in debt collection lawsuits in local courts across the state of North Carolina.

44. On information and belief, S&R regularly sends North Carolina consumers letters that purport to be the Notices of Intent to File Legal Action required by North Carolina law but that include only a charge-off statement or other account statement(s) with nonitemized "previous balances" — letters that, in other words, do not contain the "itemized accounting" required by the N.C. Gen. Stat. § 58-70-115(6).

## V. Class Action Allegations

45. As further explained below, Plaintiff seeks to certify two classes: An Injunction Class that is maintainable under Fed. R. Civ P. 23(b)(2), and a Damages Class that is maintainable under Fed. R. Civ. P. 23(b)(3). Both classes are also maintainable under Fed. R. Civ. P. 23(b)(1). It is likely that there is some overlap between the classes and, as explained further below, Ms. Hollifield is a member of both classes.

46. Under Federal Rules of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   a. Based on the fact that the Notice of Intent at the heart of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impractical.

   b. As to the Injunction Class, Unifund has acted or refused to act on grounds that apply generally to the class — i.e., Unifund has authorized its agent to file lawsuits, despite the fact that Unifund has not met the conditions precedent required before it becomes legally

9

  entitled to file lawsuits — so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole;

 c. As to the Damages Class, there are questions of law and fact common to the class that predominate over any questions affecting only individual class members; the principal question presented respecting the Damages Class is whether the purported Notice of Intent sent by S&R (**Exhibit A**) violated various provisions of the FDCPA, as further explained below;

 d. The only individual issue is the identification of the consumers who received the Notice of Intent (i.e. the Class members) which is a matter capable of ministerial determination from Defendants' records;

 e. Plaintiff's claims are typical of those of the class members, as they are based on the same facts and legal theories.

 f. Plaintiff will fairly and adequately represent the class members' interests and has retained counsel experienced in bringing class actions and collection abuse claims.

47. A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. §1692k.

48. The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action.

49. Prosecution of separate actions by individual members of the class would also create the risk of inconsistent and varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interests of judicial economy.

10

## COUNT ONE: DECLARATORY JUDGMENT
### North Carolina Collection Agency Act
### (N.C. Gen. Stat. § 58-70-1 *et seq.*)

50. Plaintiff incorporates by reference the allegations of paragraphs 1 through 49 as if fully repeated here.

51. This Count is brought by Plaintiff, individually and on behalf of a Class ("the Injunction Class") consisting of consumers with North Carolina addresses, as follows:

> All consumers with North Carolina addresses, who: (a) on or after July 13, 2018; (b) were sent a letter by Defendant S&R in a form materially identical or substantially similar to the letter attached to Plaintiff's Complaint as **Exhibit A** sent to the Plaintiff; (c) S&R attached to the letter account statement(s) or document(s) resembling account statement(s) that included "previous balances" not broken down into purchases, interest, fees, payments, etc.; (d) the debt sought to be collected by the letter was allegedly owed to Defendant Unifund; (e) Unifund has not, as of July 15, 2019, filed a lawsuit or arbitration to collect the debt that was the subject of the letter; and (f) the letter was not returned by the postal service as undelivered.

52. Under 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, this Court is authorized to declare the rights and other legal relations of any interested party seeking such a declaration.

53. For the reasons explained above, Plaintiff, on behalf of herself and all other members of the Injunction Class, respectfully asks this Court for a Declaratory Judgment holding that the one-page form letter attached to this Complaint as **Exhibit A**, which purports to be a "Notice of Intent to File a Legal

11

Action," is not, without something more, a "notice of intent to file a legal action" that meets the requirements of N.C. Gen. Stat. § 58-70-115(6).

54. Further, for the reasons explained above, Plaintiff, on behalf of herself and all other members of the Injunction Class, respectfully asks this Court for a Declaratory Judgment holding that attaching an account statement, or multiple account statements, or documents resembling account statements, that include a "previous balance" not broken down into purchases, interest, fees, payments, etc., does not, without something more, satisfy the "itemized accounting" requirement of § 58-70-115(6).

55. Therefore, Plaintiff, on behalf of herself and all other members of the Injunction Class, respectfully asks this Court for a Declaratory Judgment holding that neither Ms. Hollifield nor the class members have received the "notices of intent to file legal action" required by N.C. Gen. Stat. 58-70-115(6) as a condition precedent to initiating a lawsuit or arbitration against Ms. Hollifield or any class member.

56. Finally, Plaintiff, on behalf of herself and all other members of the Injunction Class, respectfully asks this Court for a Declaratory Judgment holding that Unifund is not legally entitled to file any lawsuit or arbitration against Ms. Hollifield or the class members regarding the debts referenced in the purported Notices of Intent to File Legal Action sent by S&R.

<u>COUNT TWO: INJUNCTIVE RELIEF</u>
North Carolina Collection Agency Act
(N.C. Gen. Stat. § 58-70-1 *et seq.*)

12

57. Plaintiff incorporates by references the allegations of paragraphs 1 through 56 as if fully repeated here.

58. This Count is brought by Plaintiff, individually and on behalf of the "Injunction Class", which has already been defined in paragraph 51 above.

59. Plaintiff, on behalf of herself and all other members of the Injunction Class, respectfully asks this Court for an Order enjoining Unifund from filing any lawsuit or arbitration against Ms. Hollifield or any class member until at least 30 days after they receive amended notices of intent that fully itemize the amounts allegedly due.

### COUNT THREE: MONEY DAMAGES
### Violations of Fair Debt Collection Practices Act in Notice of Intent
### (15 U.S.C. § 1692 *et seq.*)

60. Plaintiff incorporates by reference the allegations of paragraphs 1 through 59 as if fully repeated here.

61. This Count is brought by Plaintiff, individually and on behalf of a Class (the "Damages Class") consisting of consumers with North Carolina addresses, as follows:

> All consumers with North Carolina addresses, who: (a) between the dates of July 13, 2018 and July 15, 2019, inclusive; (b) were sent a letter by Defendant S&R in a form materially identical or substantially similar to the letter attached to Plaintiff's Complaint as **Exhibit A** sent to the Plaintiff; (c) S&R attached to the letter account statement(s) or document(s) resembling account statement(s) that included "previous balances" not broken down into purchases, interest, fees, payments, etc.; (d) the debt sought to be collected by the letter was allegedly owed to Defendant Unifund; and (e) the letter was not returned by the postal service as undelivered.

13

62. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representations in connection with the collection of any debt.

63. Specifically, FDCPA § 1692e(3) prohibits "[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney."

64. Additionally, FDCPA § 1692e(5) prohibits a collector from threatening "to take any action that cannot legally be taken or that is not intended to be taken."

65. Furthermore, FDCPA § 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

66. By sending the purported Notices of Intent, S&R violated the provisions of the FDCPA cited above by:

- Falsely stating that the document being sent was the notice of intent to file legal action required to be sent under North Carolina law;

- Falsely representing that there had been meaningful attorney involvement in the drafting of the letter when, in fact, it is clear no attorney nor anyone else had compiled an itemized accounting or reviewed the itemized accounting to ensure it complied with N.C. Gen. Stat. § 58-70-115(6);

- Threatening to file a lawsuit soon after the expiration of the 30-day period after sending the letter — when, in fact, neither S&R nor its clients would have been legally entitled to do so, since the required notice of intent had not been sent.

67. Unifund is vicariously liable for S&R's misrepresentations and false threats.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury on all claims herein so triable.

## DEMAND FOR JUDGMENT

WHEREFORE, Plaintiff Sherry Hollifield prays as follows:

A. That the Court issue an order certifying the Injunction Class as defined in paragraph 51 and the Damages Class as defined in paragraph 61, appointing Plaintiff as Class Representative, appointing Plaintiff's attorneys as Class Counsel, and directing appropriate notice to the Classes;

B. As to Plaintiff and the Injunction Class, that the Court enter the Declaratory Judgment requested in paragraphs 53 through 56 above;

C. As to Plaintiff and the Injunction Class, that the Court enter a judgment permanently enjoining Unifund from filing any lawsuit or arbitration against Ms. Hollifield or any class member, until at least 30 days after receipt of amended notices of intent that fully itemize the full amounts allegedly due;

D. As to Plaintiff, $1,000 is statutory damages;

E. As to the Damages Class, statutory damages in the amount of the lesser of $500,000 or one percent of Defendants' combined net worth;

F. Attorney fees, litigation expenses, and costs; and

G. Any other relief that this Court deems appropriate under the circumstances.

Dated: July 15, 2019

15

Case 1:19-cv-00695-WO-LPA    Document 1    Filed 07/15/19    Page 15 of 16

Winston-Salem, NC

                                **LAW OFFICE OF JONATHAN R. MILLER, PLLC**
                                **d/b/a SALEM COMMUNITY LAW OFFICE**

                                By:  /s/ Jonathan R. Miller
                                     Jonathan R. Miller
                                     One of Plaintiff's Attorneys